**HAMILTON, Petitioner, v. DILLON, Superintendent of the Columbus State Hospital, Respondent.**

Ohio Appeals, Tenth District, Franklin County.

No. 6293. Decided November 17, 1959.

Bruce J. Donaldson, Detroit, Michigan, Lewis F. Byers, Guardian ad litem of Robert Dow Hamilton, Columbus, for petitioner.

Mark McElroy, Atty. Genl., William Vance, Asst. Atty. Genl., Columbus, for respondent.

John J. Chester, Jr., Columbus, as Amicus Curiae.

(CRAWFORD, J, of the Second District, sitting by designation in the Tenth District.)

## OPINION

Per CURIAM.

The petitioner seeks a writ of habeas corpus claiming that he is unlawfully restrained of his liberty at the Columbus State Hospital where he has been since September 18, 1959. The return of the writ indicates that the petitioner is at the Columbus State Hospital by reason of an order of the Probate Court of Franklin County, Ohio, which committed him after finding that the petitioner was mentally ill and a suitable person for care and treatment in the Columbus State Hospital at Columbus, Ohio.

The application for writ of habeas corpus places in issue the question of the jurisdiction of the Probate Court of Franklin County to conduct a hearing on the question of the mental illness of the petitioner under provisions of §5123.01 R. C., and succeeding sections of the Revised Code. The affidavit necessary to start the proceeding, as provided in §5123.18 R. C., was filed September 18, 1959, by Emily I. Hamilton who is also known as Mrs. Robert Dow Hamilton, and who is either the wife or divorced wife of the petitioner.

It is alleged by the petitioner that §5123.18 R. C., only permits the "next of kin, or a resident of the county in which the person alleged to be mentally ill has a legal residence" to file the affidavit in the probate court and that Emily I. Hamilton was neither a resident of the county nor of next of kin of the petitioner.

In support of the allegation that she was not the next of kin the petitioner has submitted evidence of a divorce decree obtained in the state of Florida under date of February, 1959, and as a divorced wife could not be considered the next of kin under any definition. Petitioner further argues that in obtaining the Florida divorce in February of 1959, Emily I. Hamilton had to show a residence in Florida and that final judgment having been entered in the Florida court, the decree or final judgment is not subject to attack here in Ohio in this proceeding, and the court must recognize her legal residence as being in Florida.

Evidence presented at the time of hearing indicated that the petitioner and Emily I. Hamilton had a residence in Franklin County, Ohio, having voted in Ohio in November of 1958; and that on the last day of December, 1958, they went to Miami, Florida; that on February 6, 1959, a divorce was obtained in Tallahassee, Florida, and in the divorce petition Emily I. Hamilton gave as her address Route 1, Clearwater, Florida, and indicated that she had resided there since March 1958. At the hearing in the instant case she stated that the answers regarding residence in the divorce petition were not entirely correct and that she never had resided in Clearwater, Florida, but had stayed there two weeks with a brother.

At the time she filed the affidavit in the Probate Court of Franklin County, she stated that she was residing in the home owned by Mr. Hamilton at 260 North Columbia Avenue, Bexley, Ohio.

Sec. 5123.18 R. C., uses the words "legal residence" in referring to the alleged mentally ill person in several paragraphs, and the words "residence" and "legal residence" are defined in §5123.01 R. C., to have the

same meaning and legal purport as "legal settlement." As defined in §5113.05 R. C., legal settlement "is acquired by residing in one county for a period of one year without receiving poor relief or relief from a private agency which maintains records of relief given." And further, a "Settlement once acquired shall continue until acquired in another county or until a person has been continuously absent from Ohio for a period of one year or has acquired a legal residence in another state."

The record presented to this court indicates at best that when Emily I. Hamilton went to Florida in December, 1958, she had no intention of remaining there permanently, and that most of her personal possessions are still in the Columbia Avenue, Bexley, Ohio, home; but at this time has indicated that she would like to return to Florida and reside and teach school in Miami.

Her testimony, and it was not controverted by the petitioner, indicated that no legal residence was ever established in Florida. It therefore follows that the only legal residence which Mrs. Emily I. Hamilton had was at 260 North Columbia Avenue, Bexley, Ohio; and she was therefore the proper person to sign the affidavit required to start the proceeding regarding the mental illness of the petitioner under the provisions of **Chapter 5123 R. C.**

Does the finding of the Florida court as to residence bind us and preclude us from deciding whether Emily I. Hamilton was a resident of Franklin County, Ohio, at the time of filing the affidavit required by §5123.18 R. C.? In syllabus 4 of Williams et al, v. North Carolina, 325 U. S. 226, it is stated:

"As to the truth or existence of a fact, like that of domicil, upon which depends the power to exert judicial authority, a State not a party to the exertion of such judicial authority in another State but seriously affected by it has a right, when asserting its own unquestioned authority, to ascertain the truth or existence of that crucial fact."

If this were an adversary proceeding between the petitioner and Emily I. Hamilton the requirements of full faith and credit would bar her from attacking the divorce decree on judicial grounds since there was some evidence of participation by Emily I. Hamilton in the divorce proceeding. (See Sherrer v. Sherrer 334 U. S. 343.)

It should be noted that it is not Emily I. Hamilton who is questioning the establishment of a Florida residence, rather it is the state of Ohio through the superintendent of the Columbus State Hospital who is attempting to show this court the truth of the matter. Based on evidence presented to us we believe that Emily I. Hamilton was a resident of Franklin County, Ohio, at the time of the filing of the affidavit and the commitment to the Columbus State Hospital by the probate court must be recognized. The writ will be denied.

BRYANT, PJ, DUFFY and CRAWFORD, JJ, concur.